IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN R. HICKMAN,

                Plaintiff,

v.                                  CIVIL ACTION NO. 2:11-cv-00453

MOUNTAIN EDGE MINING, INC.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is plaintiff's Motion to Remand [Docket 6]. The defendant filed a timely response. No reply was filed. The motion is ripe for decision.

I.

The Plaintiff John R. Hickman is a West Virginia citizen. The Defendant, Mountain Edge Mining ("Mountain Edge"), Inc., has the same citizenship. Mr. Hickman has been employed by Mountain Edge since July 2010. Mountain Edge provided him health insurance benefits. It completely paid the health insurance premium for Mr. Hickman and his family.

On October 23, 2010, Mr. Hickman suffered a workplace injury. He applied for workers' compensation benefits. In November 2010 Mountain Edge terminated Mr. Hickman's health insurance coverage. Mr. Hickman makes these allegations:

> Defendant's termination of Plaintiffs family health insurance policy violates W.Va. Code §23-5A-2. . . .
> Defendant's act of terminating and voiding Plaintiffs said health insurance policy is clearly an illegal act because it violates W. Va. Code §23-5A-2.

(Compl. ¶¶ 8-9). His prayer for relief says this:

> Plaintiff prays that his family health insurance plan be reinstated retroactive to date of termination, that he be reimbursed for medical bills paid during the time without insurance, compensatory damages for annoyance and inconvenience, mental anguish, aggravation and attorney fees and costs pre judgment and post judgment interest and for such further relief as the Court see fit to grant. . . .

(*Id.* at WHEREFORE clause).

On June 28, 2011, Mountain Edge removed. It says Mr. Hickman's claim is completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Mr. Hickman disagrees and, on July 28, 2011, moved to remand. He concedes that his cause of action could have been brought under ERISA, but argues that his claim raises an independent legal duty not to discriminate under the West Virginia Code and thus his claim is not completely preempted.

II.

This case is controlled by my earlier decision in *Radcliff v. El Paso Corp.*, 377 F. Supp.2d 558 (S.D. W. Va. 2005). The circumstances in *Radcliff* involved an employee who was denied long-term disability benefits, and later terminated, by his employer allegedly due to his earlier receipt of worker's compensation benefits. He pled claims for 1) breach of contract; 2) detrimental reliance; and 3) discrimination/retaliation in violation of the West Virginia workers' compensation statutes. After examining the reach of *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004), I stated this:

> Here, the alleged discrimination is based entirely upon the defendants' refusal to pay benefits to the plaintiff. The plaintiff does not allege, for example, that the defendants discharged him from his employment in retaliation for his application for West Virginia workmen's compensation benefits. The basis for the alleged liability, therefore, depends entirely upon the existence and administration of the defendants ERISA-governed LTD Plan and Severance Pay Plan. The only stated injury is the defendants' alleged refusal to pay benefits to the plaintiff under those plans. The defendants could not have retaliated against the plaintiff by denying him benefits if he never had a legal claim of entitlement to those benefits in the first place. . . .The defendants' "potential liability" is "derive [d] entirely from the particular rights and obligations established by the benefit plans." *Davila*, 124 S.Ct. at 2498. In other

>words, the alleged basis for liability in each count of the plaintiff's complaint is wholly dependent on his alleged right to benefits under the terms of an ERISA-regulated plan.

*Id.* at 564-65.

This case is the same. Mr. Hickman wants his health insurance reinstated because, he alleges, Mountain Edge took it away to punish him for seeking workers' compensation. For that reason, it is preempted under *Davila* and *Radcliff*. Mountain Edge's "potential liability" is "derive[d] entirely from the particular rights and obligations established by" the plan from which he seeks benefits. The basis for Mountain Edge's liability to Mr. Hickman is wholly dependent on his alleged right to benefits under the terms of what is, at this point, undisputed to be an ERISA-regulated plan. Without the existence of the family health insurance policy, there would be no claim. Accordingly, no independent legal duty exists and the state law claims are entirely preempted by ERISA. The motion to remand is therefore **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 9, 2011

Joseph R. Goodwin, Chief Judge